The next case is KOSS Corporation v. Bose Corporation 23-1173. Mr. Niedlson, again, when you're ready. One moment. Thank you, Your Honor. May it please the Court. Again, my name is Mark Niedlson for Appellant KOSS Corporation. This appeal consolidates two final written decisions from the Board of Patent Appeals for the so-called 025 and 934 patents. Bose challenged all claims of the 025 patent and most of the claims of the 934 patent. The Board found in KOSS' favor on the so-called signal strength claims and found in Bose's favor on the other challenge claims. I want to focus on the signal strength claims, which is the focus of Bose's cross-appeal. The Board made some factual findings in its final written decision, which were the basis for finding in KOSS' favor. Among those factual findings was that Bose... Can you just try to, and I'll have your friend help you to clear up, what claims... I know in the claustronics you reasserted claim 4 as representative of the signal strength claims. What other claims are related to that that you're calling the signal strength claims that are at issue here for the 025 and 934? I know we have a footnote in our brief. It's several. It's about 20 claims. So, on page 23 of our opening brief, footnote 6 mentions all the so-called signal strength claims of the 025 and 934 patents. Can you read them for the record? No, that's fine. We can take a look at it. Claim 4 is the first claim in each patent that we cite signal strength claims, so that's like the lowest-numbered claim in each. So, one of the Board's findings in finding in KOSS' favor on the signal strength claims was that Bose had failed to provide a motivation combined with a rational underpinning. That's a factual finding by the Board. It deserves substantial evidence deference. And I want to focus on Bose's reply brief. At the bottom of page 29, they ask that this court that said the problem with the majority's decision, however, just talking about the motivation combined, the problem with the majority's decision, however, is it failed to properly weigh the pros and cons in two different ways. So, Bose is explicitly asking you to weigh the pros and cons of the Board's decisions on the motivation combined. That's not proper under a substantial evidence review. But even if we go into the two reasons why they're asking for you to do it, they are not well-placed either. The first one, on the top of page 30, they say that the Board totally ignored Bose's first argument for motivation combined. The first argument Bose made was so-called convenience for a user. And for that, they cited Parada paragraphs 16 and 31 and 20. And the Board specifically addressed that argument. It's at footnote 18 of the 934 patent, final written decision. And it's at footnote 27 of the 025 final written decision. So, they clearly, they did not ignore Bose's first argument. Can I ask you, and maybe more of a housekeeping question, but I just want to get your take on kind of remedy. And I know, again, you're probably going to think we're a broken record, but I want to ask you on the mootness point here. If we find that the district court's order on 101 had some preclusive effect and that this case is moot and all of that, do you agree with Bose that we should vacate the Board's decision with respect to the single strength claims? Or do you have a different position? I'm not sure that I'm aware of what your position is on what would happen with respect to it. The hypothetical is if you agree that Judge Tiger, the district court's decision inviting, invalidating all these claims has preclusive effect. Yes. What's your position on what, if anything, should be done with the Board's decision with respect to the single strength claims? This is the Munsingware issue. Yeah. I mean, I think you ought to uphold the Board's decision. Because we filed the amended complaint. It doesn't have preclusive effect. But let's say hypothetically, I think that Judge Cunningham is saying hypothetically, let's say that we thought that it did have preclusive effect. The question is whether we would vacate any portion of the Board's decision below under Munsingware, specifically the portion that relates to the single strength claims. And the reason why would be is that any mootness that occurred wasn't the fault of Bose. Respect to that, I don't know the answer to that question. I wanted to go back to the merits of upholding the single strength claims, back to the motivation to combine. The second argument Bose made was that it would be improving a known device or taking a known technique to improve a known device. And the Board there found that Bose's expert had made an incredible or not credible opinion. That's a factual finding. And if you look at actually what Bose's expert said, he merely just stated the standard. It was a bold conclusion. So the Board was right to say there's no factual basis for that. And the third basis for Bose's appeal on this issue is that Bose of the oral argument made a new argument about a user moving around. The Board said that's a new argument. He didn't raise it before. But even if we're going to consider it, we don't think that's a motivation to combine. So all these are factual considerations that have substantial evidence. I want to focus now, if we could turn to the basis for our appeals, the main appeals. These are the claim construction appeals, starting with the 025 patent. There's a claim that incites a body portion and an elongated portion. It's kind of similar to the 982 patent we talked about. We feel that the Board misconstrued the claim term body portion. And they pretty much just rearranged the words. Properly construed term should mean the main or central or principal component of the earphone, because that's the ordinary meaning of body. And it distinguishes it from the elongated portion, separate from the body portion. And when you apply that proper construction, those arguments don't show invalidity. They don't show obviousness, because those argue that on the 46th of Davis, the earbud, the foam earbud, was the body portion. But there's no evidence that it's the main or central or principal component of the earphone. In fact, in the grand scheme of things, it's a very small portion of Davis' earphone. The other set of claims in the 025 patent for the claim construction issue are back to the hanger bar type claims. There's some dependent claims there. And there they say that the hanger bar, or the body connected to the hanger bar where the earphone extends from the body. Extends from was the key claim term the Board said. Extends from could mean an indirect connection. I think the ordinary meaning in light of the Phillips standard in this case is that extends from requires a direct connection. The 025 patent does disclose an earphone that extends into the ear and extends from the body. And that's in figures 1D and 1E of the patent. And again, if you construe extends from to require a direct extension from, then it's clear that Bowles has failed to show that the claims are invalid. Again, it relied on Davis' body. Davis' enclosure 12 as the body and the ear hook as the hanger bar and the earphone 46 as the earbud 46 as the earphone in the claim. But the earbud 46 and Davis does not extend directly from the enclosure 12. So that there's any other questions I'll reserve the remainder of my time. Thank you. Thank you. Mr. Rader. Thank you. Thank you, Your Honors. Michael Rader on behalf of the Appellee and Cross Appellate Close Corporation. I'd like to start by just addressing the motion to dismiss and making sure we're clear on what's going on in this appeal. I know it was previewed a little bit in the first argument, but we have two patents here, the 025 patent and the 934 patent. The allegations in the second amended complaint that Coss made after the section 101 order were only as to the signal strength claims, the ones listed in the footnote that Mr. Needhamson mentioned. So as to all of the other claims, and therefore all of the claims that Coss is appealing on, they did not reassert any of those claims in their second amended complaint. Instead, they moved forward with a second amended complaint that only asserted the signal strength claims. And with respect to the signal strength claims, there was no appeal taken. And there was no appeal taken with respect to the signal strength claims. So that's the reason why their substantive appeals should be dismissed as moot. And as to our cross appeal, which relates to the signal strength claims, it should also be dismissed as moot. Because the same thing transpired. The only difference is that they made additional factual allegations in the second amended complaint related to the signal strength claims. But what they did not do is they did not do any of the following. They did not wait for the judge to rule on the notion to dismiss that second amended complaint. They did not seek vacatur of the judge's earlier order. And after the final judgment entered, they did not appeal. For some reason I thought, and obviously correct me if I'm wrong because I'm trying to keep all of these straight. But I want to address kind of a follow up on what was my hypothetical or whatever that I posed to the opposing counsel. I thought that there was some request for like a vacatur in part, but am I misremembering the request that was made? No, that's correct. Okay. So what we're asking for is for all of the appeals, including our cross appeal, to be dismissed. The portion of the board's order that relates to the signal strength claims on which we lost should be vacated. Can I ask you as a practical matter? Why are you asking for that if hypothetically we were to agree that there was a final judgment holding those patents ineligible and your appeal was dismissed? Why do you need a vacatur of the decision below when the patent is ineligible? Well, I guess, Your Honor, I could say belt and suspenders. It's really just that it's the right thing to do in this circumstance. But does it have any effect? Because it seems like there's lots of patent families going on there. Are there other patents or patent families where the board's reasoning in this plaintiff appeal may be used going forward and that's why you want it vacated? Or you just want it because you want the ruling that it was not invalid vacated, even though it practically doesn't matter because they're ineligible? Because if it's the former, I get it. If it's the latter, I don't see what the point is because if they're ineligible, they're ineligible. Whether or not the board found them not invalid is beside the point. I guess what I would say is to directly answer your question about other cases, I don't know the answer to that because I haven't studied patents that are inserted against Bowe's closely enough to know. But I would add one thing, which is that maybe it depends on how this court words its opinion or its order. But there's a hypothetical— Let me just ask. Let me just say, to be clear, and maybe this will help you answer. Let's just assume we're going to find the district court's ineligibility finding binding and preclusive as to all of the patent claims and patents it addressed in that issue because it was either not reasserted or it was in the field. I'm not saying that's what we're doing, but for purposes of answering this, that's the whole thing. If that's the case, then why does it matter that we need to vacate the board's findings on validity? If that's the case, then I don't think we need it, Your Honor. Other than the belt and suspenders answer, I think the reason for our concern was simply, depending on how this court worded its order, when we go back to the District of Massachusetts and file a motion to dismiss the pending infringement litigation, we were worried about any residual risk that POS might try to re-litigate the issue of collateral estoppel there if this court's order wasn't sufficiently clear to make clear to the judge there. But if this court finds that that section 101... Is that district court case currently stayed? It stayed. Okay, and so that's a district court case involving these same patents, including some that were found ineligible, but it's currently stayed pending the outcome of the IPRs. And no communication with the district court in your case has occurred as a result of the district court's determination in the Plantronics case? Is that what I understand? The district court... So the three patents that are at issue in our case against POS are the three patents that are on appeal today, the 155 patent from this morning's first hearing and the two patents that issue in this hearing. It's just those three patents. The district court has ordered us to provide periodic updates on the status of the IPRs and the appeal. And if memory serves, I believe that POS did make a request to let this stay. And to directly answer your question, although I'm not 100% sure, I do have a memory that we may have mentioned to the district court the section 101 order as one of the reasons why the station continues. And the district court did continue to stay pending, among other things, the outcome of this appeal, these appeals. I want to make sure I don't lose sight of your question, Judge Cunningham. I feel like you've answered enough where I know where you stand. I'll just say with respect to the signal strength claims, the only way that the treatment of the signal strength claims could be any different in terms of the motion to dismiss is if some exception applied to the general rule that interlocutory orders merge with the final judgment. That's the general rule. The exception, according to the matter of your case, which is one of the Ninth Circuit cases we cited, is only if that order is overcome by later developments in the litigation. So the question for your honors would be, does simply filing an amended complaint with some additional allegations and then abandoning it and stipulating it to dismissal with prejudice constitute a later event that overcomes the earlier order in the litigation? And we respectfully submit it's definitely not. As my colleague said this morning, had the court issued an order, ultimately, on the motion to dismiss that second amended complaint, that would supersede. But simply filing an amended complaint and then agreeing to dismissal, that doesn't. If it did, every litigant would do that. As soon as they got hit with a dismissal, they would just replead and then dismiss their case with prejudice and make that argument. So all of the appeals should be dismissed for that reason. I'm happy to, I understand your argument, there was an indication this morning that you didn't need argument on Cross's appeals for all the reasons we've discussed, but I'm happy to address either that or our Cross appeal if it would be helpful. Would you like to hear from me on the Cross appeal? Do you have any questions? Thank you, Your Honor. He didn't really address the merits, I'll give you a little bit of time, but don't spend a lot of time on the merits since he didn't address them. Okay, on the merits, on the signal strength claims, the board found in our favor for three factual reasons. The first two are kind of related, but the third one stands alone. And the third one was that Bose had failed to show a motivation combined with a rational underpinning, and that was based on factual findings by the board that deserves substantial evidence deference. And the record shows that the board got it right, or at least that its weighing of the facts was reasonable, and they're entitled to the deference. Going back to the motion to dismiss, if I may, a colleague asked, you know, was the order overcome when we filed the amended complaint? And our answer is yes. His order, Judge Tiger's order, was that it was without prejudice. He granted us leave to file an amended complaint. When we did that, it overcame his prior order. Judge Tiger has, in my research, issued nine opinions on Section 101 motions to dismiss. Two of them he granted with prejudice. He didn't allow the party to reamend. The other seven caused the case being won. He gave the party motions without prejudice, giving them a chance to amend the complaint. So they can, district court judges can grant these motions with prejudice, which would be more appealable at that time. Once we filed the amended complaint, it was interlocutory. We couldn't have appealed, and there was nothing to merge into a final judgment that would have been appealable once the final judgment was entered into. Thank you. Thank you. You didn't talk about the merits of your prosecution, so I'm not going to spend a lot of time on that. The case is submitted.